**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GEORGIA FILM FUND FOUR, LLC, | : :  : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 1:13-CV-1088-RWS |
| DOES 1- 15, | : : |
| Defendants. | : |

**ORDER**

**IT IS ORDERED** that Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [2] is granted;

**IT IS FURTHER ORDERED** that, subject to the protective order set out herein, Plaintiff Georgia Film Fund Four, LLC ("Georgia Film") may immediately serve a Rule 45 subpoena on the ISPs listed in Exhibit A to the Complaint to obtain information to identify Does 1-61, specifically his or her name, address, MAC address, and email address. The disclosure of this

AO 72A
(Rev.8/82)

information is consistent with the ISPOs' obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B), which provides:

> (2) A cable operator may disclose [personally identifiable] information if the disclosure is …
>
> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

The subpoena shall have a copy of this order attached;

**IT IS FURTHER ORDERED** that the ISP will have 60 days from the date of service of the rule 45 subpoena upon them to serve Does 1-61 with a copy of the subpoena and a copy of this order. The ISPs may serve Does 1-61 using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

**IT IS FURTHER ORDERED** that Does 1-61 shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Should any John Doe file a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled motion seeking similar relief, that specific John Doe's information will be withheld

2

from the Plaintiff until after the Court rules on that Doe's motion. All other information requested by the subpoena at issue (e.g., contact information for any non-moving Does) can be produced by the Internet Service Provider to Plaintiff. The ISPs may not turn over the Doe defendants' identifying information to Georgia Film before the expiration of this 60-day period. Additionally, if a defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over the moving Does' information to Georgia Film until the issues have been addressed and the Court issues an Order instructing the ISPs to resume in turning over the requested discovery;

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or other similarly styled motion;

**IT IS FURTHER ORDERED** that if that 60-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A Doe defendant who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as her or his filing also notify her or his

3

ISP so that the ISP is on notice not to release that Doe defendant's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that, to maximize judicial efficiency, the Court will delay ruling on all Doe motions to quash, motions for protective order, motions to dismiss, motions to sever, or similarly styled motions seeking similar relief filed until all such motions have been filed. All such motions should be filed by September 3, 2013.

**IT IS FURTHER ORDERED** that counsel for Plaintiff will file a single opposition to all motions to quash, motions for protective order, motions to dismiss, motions to sever, or similarly styled motions seeking similar relief filed. Plaintiff's opposition is due September 24, 2013.

**IT IS FURTHER ORDERED** that any John Doe who has filed a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled motion seeking similar relief, if they so choose, can file a reply by October 8, 2013.

**IT IS FURTHER ORDERED** that an ISP that receives a subpoena pursuant to this order shall confer with Georgia Film and shall not assess any charge in advance of providing the information requested in the subpoena. An

4

ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that Georgia Film shall serve a copy of this Opinion and Order along with any subpoenas issued pursuant to this order to the listed ISPs.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Georgia Film response to Rule 45 subpoena may be used by Georgia Film solely for the purpose of protecting, investigating and resolving Georgia Film rights as set forth in its Complaint.

**SO ORDERED**, this   5th  day of April, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)